Angel CASTILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00072–CR.

Court of Appeals of Texas,
San Antonio.

March 16, 1988.

On Appellant's Motion for Rehearing
May 25, 1988.

Homero C. Canales, Richard Terrell, Alice, for appellant.

Rolando Ramirez, Dist. Atty., Alice, for appellee.

Before REEVES, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a jury conviction of appellant, Angel Castillo, for the offense of possession of marijuana of more than 200 pounds but less than 2,000 pounds. Punishment was assessed at 35 years' confinement by the jury. Appeal has been perfected to this Court. We affirm.

The only issue is whether the appellant was denied a fair trial due to the lack of effective assistance of trial counsel.

In ineffective assistance appeals, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). For a reversal to be justified because of alleged ineffective assistance of counsel, *Strickland* sets out the following standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. *This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.* Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable....

It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.... *The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.* A reasonable probability is a probability sufficient to undermine confidence in the outcome....

In making this determination, a court hearing an ineffectiveness claim must consider *the totality of the evidence* before the judge or jury....

In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. *If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.* (emphasis added)

*Strickland v. Washington,* 466 U.S. at 687–697, 104 S.Ct. at 2064–70.

These standards have been adopted by the Texas Court of Criminal Appeals. *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim. App.1986) (en banc); *King v. State,* 649 S.W.2d 42 (Tex.Crim.App.1983) (en banc); *Archie v. State,* 615 S.W.2d 762 (Tex.Crim. App.1981).

■ Initially, appellant complains that his trial counsel failed to seek pre-trial discovery through the formal procession of pre-trial motions. However, appellant's brief fails to show how the results would have probably been different but for the lack of formal discovery, and the record fails to show that no informal pre-trial discovery actually took place.

■ Appellant next complains because his trial counsel failed to challenge the search of his truck which resulted in the discovery of the contraband. In attempting to satisfy his burden of showing how the failure to challenge the search in reasonable probability caused the results of the trial, appellant points to the following statement of Department of Public Safety Officer Joe Lozano:

At that point I indicated to the driver that I had reson [sic] to believe that there was contraband within the tractor-trailer rig and that I had enough reason to search the vehicle and I had requested a Consent to Search From [sic] the driver.

Appellant apparently contends this satisfies his second burden under *Strickland.* We must consider the "totality of the evidence" when determining such complaints. We cannot consider one statement from a record of trial in a vacuum.

The record reflects that Officer Joe Lozano:

1) had the appellant under surveillance during the day in question;

2) discovered the truck and trailer in question were registered in the name of appellant;

3) observed the onions loaded in appellant's presence;

4) observed Arnoldo Reyes Perez drive up to appellant while the loading was done;

5) after a brief meeting of Perez and appellant a short distance from the Onion Warehouse, appellant drove his rig to Perez Nursery on Conway in Mission, Texas;

6) assigned officers Dagoberto Pena and Roy Escaname to surveillance of appellant at the Perez Nursery;

7) received constant reports from Pena and Escaname;

8) followed appellant in his rig north on 281;

9) observed appellant's rig develop brake trouble and stop south of Falfurrias;

10) approached appellant, who was out of his parked truck;

11) indicated to appellant he had reason to believe there was contraband in the rig, had reason to search, and requested a consent to search from appellant;

12) explained to appellant his rights regarding the consent to search, explaining to him the information on the Texas Department of Public Safety Consent Form, explained to appellant that he did not have to sign the consent to search, and explained to appellant that the consent had to be voluntary;

13) was told by appellant he understood his rights and was willing to consent to the search of his truck and trailer; and

14) discovered the contraband hidden in a secret compartment of the rig.

Officer Dagoberto Pena testified that:

1) he was assigned to surveillance duty of appellant at Perez Nursery by Officer Lozano;

2) during the surveillance, he observed the appellant around the rig in the area;

3) after dark, he observed cars coming and going, and people carrying packages to the trailer;

4) he observed a Bronco pull up and be attached to the trailer, and saw people carrying packages to the trailer; and

5) that he reported to Officer Lozano until the appellant left in his rig heading north.

We must conclude that the appellant has failed to show from the totality of the evidence that a reasonable probability exists that but for the failure to challenge the search, the result of the trial would have been different.

■ Next, appellant complains his trial counsel's voir dire examination was insufficient alleging it was "at best a superficial, cursory examination of the prospective jurors." However, appellant's brief fails to show how but for this alleged deficiency of trial counsel, a reasonable probability exists that the results of the trial would have been different.

■ Appellant also generally complains that the trial counsel's limited objections and cross-examination of the State's witnesses was inadequate. Again, appellant's brief fails in its burden of showing how he has been prejudiced to the extent of undermining the confidence in the trial outcome.

■ Finally, appellant asserts his trial counsel was ineffective in urging the court to instruct the jury on a higher standard of knowledge on the part of appellant before conviction. Whether trial counsel was justified in his request is not the issue here. We fail to see how appellant was prejudiced by his counsel, with or without authority, attempting to exert from the court an instruction which would have placed a heavier burden on the State to prove his guilt.

In oral argument, appellant alluded to the sentence he faces as evidence of how he was prejudiced. If the second requirement in *Strickland* is met by merely pointing to the sentence, no need existed for the Supreme Court to have dealt with it as it did. The Supreme Court clearly required more when it stated, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland v. Washington*, 466 U.S. at 693, 104 S.Ct. at 2067. The heavy burden placed upon appellants is that they "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. Considering the totality of the evidence, we hold that appellant has failed to show "sufficient prejudice" and the complaint is overruled.

The judgment is affirmed.

## APPELLANT'S MOTION FOR REHEARING DENIED.

On motion for rehearing, appellant challenges the propriety of this Court's earlier

denial of appellant's motion to abate appeal. He contends that this Court's refusal to abate in effect denied him the opportunity to establish the extent of trial counsel's ineffective assistance. We will address his complaint.

 Whether an appeal is abated is addressed to the sound discretion of the court of appeals, and should be requested and granted upon sound grounds. The record reflects appellant filed his motion to abate appeal contending that "[i]nitial investigation reveal[ed] that there may have been misrepresentations concerning the granting of probation for [a]ppellant by his trial counsel." Attached to the motion was an affidavit from appellant, complaining about the fee arrangements with his trial attorney that involved the obtaining of probation. Also attached, was a copy of a letter from the trial attorney to appellant discussing the fee arrangements and what effect probation would have on the fee.

A fee dispute between the appellant and his trial attorney is not sufficient grounds for an appeal to be abated. It could have no bearing on the outcome of appellant's trial. Therefore, the motion to abate was properly denied.

Appellant argues that *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986) (en banc) supports this complaint. However, we note that in *Hernandez*, the Texas Court of Criminal Appeals reached a decision very similar to this Court's opinion on the merits.

It is obvious from a review of the entire record that in certain respects trial counsel rendered sub-par assistance. But in the particular instances where this occurred, it has not been shown, as required by *Strickland*, that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have differed had trial counsel's assistance been effective.

*Hernandez v. State*, 726 S.W.2d at 59.

Regarding developing the allegation of ineffective assistance of trial counsel, the Texas Court of Criminal Appeals said:

Appellant is free to develop the facts further in a post-conviction habeas hearing, particularly with respect to counsel's alleged failure to pursue an insanity defense.

*Hernandez v. State*, 726 S.W.2d at 59.

The remaining complaints have been previously discussed in the original opinion of this Court.

The motion for rehearing is denied, the judgment of the trial court is affirmed.