Phillip HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–106–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 8, 1990.

Discretionary Review Refused Feb. 13, 1991.

**508**

Richard D. Hatch, III, Aransas Pass, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before BENAVIDES, KENNEDY, and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

A jury found Phillip Hernandez guilty of felony criminal mischief, determined that he was a habitual offender, and sentenced him to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. He complains that ineffective assistance of counsel denied him a fair trial. We affirm the trial court's judgment.

The felony criminal mischief for which appellant was indicted and tried was damaging a Cadillac by hitting it with a pipe and a bat and by cutting its tires with a knife. Appellant raises two points of error arguing essentially the same issue with regard to his representation at trial. By his first point of error, he contends that his conviction is void because court-appointed counsel did not render effective assistance. By his second point of error, he again contends that the conviction was void because he was denied a fair trial due to inaction of his trial counsel. Since these complaints can be characterized as complements to one another, reflecting opposite sides of the same coin, we address them jointly. *See Cude v. State*, 588 S.W.2d 895, 897 (Tex. Crim.App.1979).

Ineffective assistance of counsel can be established if appellant shows that his counsel's performance was defective or failed to constitute reasonably effective assistance *and* that he was prejudiced by the deficient performance to the extent that

but for counsel's performance, the results of the proceedings more likely than not would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim. App.1990); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986). This standard has never been interpreted to mean that the accused is entitled to errorless or perfect counsel. *Ex parte Welborn*, 785 S.W.2d at 393.

█ Our review of counsel's performance must be highly deferential. *Ex parte Welborn*, 785 S.W.2d at 393. Whether the *Strickland* standard has been met is to be judged by "the totality of the representation." *Id.* (quoting *Strickland*, 104 S.Ct. at 2065). Isolated instances in the record reflecting errors of commission or omission neither establishes counsel ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination. *Ex parte Welborn*, 785 S.W.2d at 393.

Appellant raises four specific complaints regarding counsel's effectiveness. He contends that these specific complaints all show that his counsel was not prepared to go to trial. Appellant's burden with regard to these complaints is to prove each by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984).

█ He first complains that except for motions for continuance, trial counsel did not file any pre-trial motions other than a motion for discovery on which he did not obtain a hearing. Complaints of this sort which are unsupported by the record will not support allegations of ineffective assistance of counsel. *See Passmore v. State*, 617 S.W.2d 682, 685 (Tex.Crim.App. 1981); *Hunnicutt v. State*, 531 S.W.2d 618, 624 (Tex.Crim.App.1976); *see, e.g., Medford v. State*, 766 S.W.2d 398, 400 (Tex.App.— Austin, 1989, pet. ref'd); *Castillo v. State*, 751 S.W.2d 521, 523 (Tex.App.—San Antonio 1988, no pet.); *Henderson v. State*, 704 S.W.2d 536, 537–38 (Tex.App.—Houston

[14th Dist.] 1986, pet. ref'd). The record shows that appellant's counsel filed a motion for discovery. It also shows that appellant's attorney filed a motion for continuance because he had unsuccessfully tried numerous times to find and inspect the alleged victim's car. The record does not show that no informal discovery took place. Further, we note that appellant's brief fails to show how the results would have probably been different but for the lack of formal discovery. Appellant's brief also fails to explain the merit of any pre-trial motions. We fail to find ineffective assistance with regard to this complaint.

■ Appellant next complains that his trial counsel was ineffective when he did not raise a *"Batson* Objection" when the jury was seated without any hispanic persons. According to the record, the State struck two potential hispanic jurors out of a possible four hispanic jurors. The record also shows, however, that appellant, who was participating as co-counsel pursuant to a pro-se motion, and his attorney struck these same two hispanics, plus another potential hispanic juror. A *Batson* objection that the State had struck these jurors on the ground of race would not have been proper since, because of appellant's strikes, these potential jurors would not have been subject to being seated on the jury. *Cf. Munson v. State,* 774 S.W.2d 778, 779 (Tex. App.—El Paso 1989, no pet.) (Court refused to discuss possible *Batson* error regarding potential juror mathematically not subject to being seated on jury). It cannot be ineffective assistance of counsel to fail to object when there is no proper objection to be made.

■ Appellant further complains that his trial counsel failed to subpoena three possible defense witnesses, interview them and investigate the facts of the case. Examination of this complaint requires us to examine whether due to counsel's action or inaction, any viable defense available to the accused was not advanced. *See Butler v. State,* 716 S.W.2d 48, 55–56 (Tex.Crim.App.

1986). The three possible witnesses were Mary Crossguard, Roland Hernandez, and Patty Hernandez, Phillip's wife. From the record, we are unable to determine what defense, if any, Patty Hernandez and Mary Crossguard would *in fact* have advanced. Assuming that they could have advanced a defensive issue, it could only have been that appellant did not hit the car or cut its tires.[1] Roland, Phillip's brother, however, testified at trial as a defense witness and claimed responsibility for all the damage to the Cadillac. Roland contended that, by himself, he cut the tires, beat the car with a pipe, and broke out the car's window with a bat. He denied any involvement on appellant's part. Roland also testified that he had been indicted for and plead guilty to a charge of criminal mischief for damaging the car.

Hence, counsel's failure to subpoena the complained-of witnesses did not result in the non-advancement of a defense available to appellant. Counsel was still able to advance appellant's defense of non-involvement. The jury's choice not to believe Roland when he testified that appellant was not involved in damaging the car is not ineffective assistance of counsel.

Appellant also complains that his attorney failed to subpoena Juan Lopez for the punishment phase of trial. Appellant contends that his attorney's failure to object to the denial of his motion for continuance so that Lopez could arrive to testify was further ineffective assistance. Mitigation of punishment was the defensive matter Lopez was to advance by testifying to appellant's current religious attitudes and beliefs. However, appellant's counsel was able to thoroughly cover and vigorously advance appellant's "born-again" Christian status through the other witnesses called during the punishment phase. Appellant's attorney apparently effectively mitigated punishment because appellant was sentenced to thirty years when the jury had a minimum of twenty-five to assess. The State argued to the jury that in determin-

---

1. It could as easily be assumed that had the witnesses testified on the issue, their testimony would have been unfavorable to appellant.

ing appellant's punishment they should start at fifty years. Appellant's attorney urged the jury to start at twenty-five years. Counsel's failure to subpoena Juan Lopez did not keep the mitigation theory from being advanced. We find no ineffective assistance of counsel as a result of Lopez's absence.

Appellant's final claim with regard to ineffective assistance of counsel is that his attorney violated Texas Code of Criminal Procedure Ann. art. 26.04(a) (Vernon 1989).[2] Appellant complains that counsel's inaction, other than the timely motion for new trial, violated art. 26.04(a). Appellant's complaint relates to the portion of this article which states "An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." Tex.Code Crim.Proc. art. 26.04(a). An appointed attorney's responsibilities do not automatically terminate at the conclusion of trial. *Ex parte Galvan,* 770 S.W.2d 822, 823 (Tex.Crim.App.1989). When an attorney is allowed to expressly withdraw, however, his responsibilities terminate. *See Ward v. State,* 740 S.W.2d 794, 798 (Tex.Crim.App.1987); *accord Ex parte Axel,* 757 S.W.2d 369, 373–74 (Tex.Crim.App.1988).

Appellant alleges harm in that he was not allowed to have his pro-se motion for new trial or his counsel's motion for new trial heard and was thus denied a fair trial. In this case, appellant sought counsel's termination prior to counsel even filing a motion for new trial. On January 29, 1990, appellant filed a pro-se motion for new trial and a pro-se motion to dismiss his trial counsel. On February 9, 1990, appellant's counsel timely filed a motion for new trial and a motion to withdraw as counsel based on appellant's desire that counsel no longer represent him. On March 15, 1990, the court granted counsel's motion to withdraw and substituted the attorney who repre-

sents appellant on appeal. Counsel was not required by art. 26.04(a) to have a hearing on the motions for new trial before he withdrew with the express approval of the court. A hearing on a motion for new trial is required only when the issues brought by the motion would require hearing evidence. *See McIntire v. State,* 698 S.W.2d 652, 660 (Tex.Crim.App.1985). Trial counsel's failure to provide further assistance on the motion for new trial did not result from a violation of the Code of Criminal Procedure but from appellant's own action and the fulfillment of appellant's expressed desire to terminate trial counsel as his attorney.

Moreover, even if counsel's inability to secure a hearing on the motion for new trial could be considered defective, we cannot say that appellant was prejudiced by the defective performance, if any, to the extent that but for counsel's performance, the results of the proceedings more likely than not would have been different. *See Strickland,* 104 S.Ct. at 2064–68. Trial counsel's motion for new trial was based on allegations of new evidence that would indicate the bias of the complaining witness which included a complaint that the complaining witness sought in writing only damage estimates in excess of $750 because she was aware that the damages had to be greater than $750 in order for appellant to be subject to felony prosecution. The allegations would not have entitled appellant to a new trial because they presented only evidence of impeachment and its materiality was not such that it would probably have brought about a different result at a new trial. The grounds upon which appellant's pro-se motion for new trial were based were insufficient evidence and counsel's failure to file pre-trial motions. None of the grounds urged by appellant in his pro-se motion are grounds which would require a hearing in order to hear evidence. *See McIntire,* 698 S.W.2d at 660. Under the circumstances, we cannot say that trial counsel was ineffective.

**2.** The 1989 version of art. 26.04(a) is the version which was created by amendment in 1987 and which was in effect at the time of trial.

A review of the totality of the representation in this case indicates that appellant has failed to show by a preponderance of the evidence that there was a reasonable probability that, but for the unprofessional errors of defense counsel, the result of the proceeding would have been different. We find no ineffective assistance of counsel and overrule appellant's two points of error.

We affirm the trial court's judgment.