NUMBER 13-99-707-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 


MELIA MEANS MAYER , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the County Court

of De Witt County, Texas.

___________________________________________________________________ 



O P I N I O N

 
Before Chief Justice Valdez and Justices Dorsey and Rodriguez 

Opinion by Justice Dorsey



 Appellant, Melia Means Mayer, was convicted of driving while intoxicated after a bench trial. See Tex. Pen. Code Ann. §
49.04 (Vernon 1994). She appeals her conviction by two points of error. First, she contends that the evidence was
insufficient to support her conviction. Next, she contends that she received ineffective assistance of counsel at the trial of
this cause. We overrule both points of error, and affirm her conviction. 

Sufficiency of the Evidence

 Mayer, who filed her appeal pro se, did not clearly indicate whether she challenges the factual or legal sufficiency of her
conviction. We construe her point of error as contesting both. 

 Due process requires that no criminal defendant may be convicted and punished except upon proof sufficient to persuade a
rational fact-finder of the defendant's guilt beyond a reasonable doubt. Tibbs v. Florida, 457 U.S. 31, 45 (1982). In
assessing the legal sufficiency of the evidence, we consider all of the record evidence, whether admitted properly or
improperly, in the light most favorable to the State and determine whether, based on that evidence and reasonable
inferences therefrom, a rational jury could have found the defendant guilty of all of the elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Miles v. State, 918 S.W.2d 511, 512 (Tex. Crim. App.
1996). If, in light of all the evidence, a rational jury would have necessarily entertained a reasonable doubt as to the
defendant's guilt, we must reverse and render a judgment of acquittal. Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim.
App. 1992). 

 In order to review the factual sufficiency of the evidence, we discard the prism utilized in a legal sufficiency review and,
instead, view all of the evidence in a neutral light favoring neither side. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Id. 

 We hold the evidence was both legally and factually sufficient to support Mayer's conviction. A person commits the
offense of driving while intoxicated if the evidence shows that the person was intoxicated while operating a motor vehicle
in a public place. See Tex. Pen. Code Ann. § 49.04 (Vernon Supp. 2001). "Intoxicated" means either "not having the
normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body"; or "having an alcohol
concentration of 0.08 or more." Id. at § 49.01(2). There are two types of DWI offenses under the statute: a "loss of
faculties" offense and a "per se" offense. State v. Carter, 810 S.W.2d 197, 200 (Tex. Crim. App. 1991). In this case,
because Mayer refused to take a breath examination, the State was required to prove that she did not have the normal use of
her mental or physical facilities by reason of the introduction of alcohol into her body. See Tex. Pen. Code Ann. § 49.01
(2) (Vernon Supp. 2001); Tex. Pen. Code Ann.§ 49.04 (Vernon Supp. 2001). 

 Officer Robert G. Laffey testified at Mayer's trial. He was the officer that stopped Mayer and arrested her. He testified
that around midnight, he observed Mayer driving on a public street at a high rate of speed and failing to stay within a single
lane. He stopped her. He said that when he approached Mayer, he could smell alcohol. He asked Mayer if she had been
drinking, and she admitted that she had. Officer Laffey then conducted field sobriety tests on her. 

 When Mayer exited her vehicle and approached its rear, Officer Laffey noticed that she placed her hand on the vehicle for
balance, and that she had bloodshot and glassy eyes, characteristic of someone who is intoxicated. He said that he first
asked her to recite the alphabet, and that when she performed this, her speech was slurred and she recited one or two letters
out of order. Next, he had her stand with her feet together, close her eyes and tilt her head back. During performance of
this maneuver, Mayer swayed from side to side. Next, the officer had her lift one leg and hold the position for 30 seconds.
She could not do this, and several times dropped her leg to the ground to regain her balance. He administered a few other
field sobriety tests to Mayer, all of which she performed in a manner indicating she was intoxicated. After that, he arrested
her for driving while intoxicated. Officer Laffey testified that based on his observation of Mayer, and her performance of
the field sobriety tests, she did not have the normal use of her facilities due to the introduction of alcohol into her system. 

 The State also offered the testimony of Trooper Wayne Henkes, who was at the station where Mayer was taken after her
arrest. He testified that she refused to take the intoxilizer test, stating that she was too drunk to pass it anyway. A
videotape of Mayer's performance of the field sobriety tests and her arrest was then introduced into evidence. 

 The defense offered no independent evidence showing Mayer was not guilty, but argued that the tape itself contradicted the
testimony of the arresting officer. That argument is also the essence of Mayer's point relating to sufficiency of the
evidence. We find the evidence to be legally and factually sufficient to support her conviction. 

 This Court has reviewed the videotape in question. It generally conforms with Officer Laffey's testimony. The only
variation is that Mayer appeared to accurately perform the portion of the test requiring her to recite the alphabet.
Additionally, if Mayer used her vehicle for balance upon exiting the vehicle, that movement was very subtle and not readily
discernable on the video. Otherwise, though, the videotape conformed to Officer Laffey's testimony. Mayer definitely
swayed from side to side during the portion of the testing requiring her to stand still with her eyes closed. She dropped her
foot more than once during the balance test. A viewing of the tape, obviously, does not reveal if she smelled of alcohol.
Thus, the officer's recollection would be more persuasive on that issue. Moreover, we find that the officer's opinion that
Mayer's eyes were bloodshot and glassy was not contradicted by the video. Such subtleties could not be discerned
accurately from a viewing of the tape, but the viewing did not reveal that the officer was clearly wrong. 

 Finally, Mayer offered no testimony disputing that of Trooper Henkes, who stated that Mayer told him she was "too drunk"
to pass the intoxilizer test, and refused to take it. We hold the evidence showing that Mayer was intoxicated is legally and
factually sufficient. 

Ineffective Assistance of Counsel

 By her second point of error, Mayer contends that she received ineffective assistance of counsel because her attorney
failed to call her to the witness stand and failed to call any other witness to testify on her behalf. We overrule this point of
error as well. 

 Any claim of ineffective assistance of counsel must be firmly rooted in the record. McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996). Claims of ineffective assistance are analyzed under the rule set forth in Strickland v.
Washington, 466 U.S. 668 (1984);Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under Strickland, the
appellant must first show his trial counsel's performance fell below an objective standard of reasonableness under the
prevailing professional norms. Strickland, 466 U.S. at 694;Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App.
1999). Under this prong of Strickland, the question is whether counsel's performance was so deficient that the defendant
was deprived of the right to counsel guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. In the absence of
contravening evidence, this Court will presume that counsel is better positioned than the appellate court to judge the
pragmatism of the particular case, and that counsel made all significant decisions in the exercise of reasonable professional
judgment. Young v. State, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999). Under this test, "reasonably effective assistance"
does not mean that counsel's performance was error-free. Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App.
1991);Hernandez v. State, 799 S.W.2d 507, 508 (Tex. App.--Corpus Christi 1991, pet. ref'd). 

 Second, assuming appellant has demonstrated deficient assistance, it is necessary to affirmatively prove prejudice by
showing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.
McFarland v. State, 928 S.W.2d at 500. Under this prong of the test, a "reasonable probability" is a probability sufficient
to undermine confidence in the outcome of the proceeding. Hernandez v. State, 726 S.W.2d at 55. 

 We find no evidence of ineffectiveness under either prong of the Strickland test. First, Mayer produced no evidence to
show that her taking the stand on her own behalf would have benefitted her defense. Nor did she show that any other
positive witnesses existed whom her trial counsel failed to call. Finally, she has not shown that the failure to call herself or
any other witnesses would have changed the result of the proceeding. 

 The evidence offered against Mayer was strong, particularly the statement by Officer Henkes that she told him she was too
drunk to pass the intoxilizer test. A review of the video showing administration of the field sobriety tests and Mayer's
arrest tends to indicate she was intoxicated, and, coupled with Officer Laffey's testimony, amounts to substantial evidence
of her guilt that would have been very difficult to overcome by her own testimony or that of another fact witness.
Accordingly, we overrule Mayer's second point of error, and affirm her conviction. 




 ______________________________ 

J. BONNER DORSEY, 

Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 26th day of April, 2001.