NUMBER 13-00-503-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





 KENT ALLEN KARTCHNER , Appellant, 

v.


THE STATE OF TEXAS , Appellee.





On appeal from the 24th District Court

of Calhoun County, Texas.





O P I N I O N


Before Justices Dorsey, Hinojosa, and Castillo

Opinion by Justice Dorsey


A jury convicted appellant, Kent Allen Kartchner, of aggravated sexual assault and indecency with a child. The jury
assessed punishment at forty years in prison and ten years' probation, respectively, and the trial court ordered the sentences
to run consecutively. By three issues appellant complains about the indictment, the charge on guilt-innocence, and
ineffective assistance of counsel. We affirm.

I. Facts

On November 22, 1998, seven-year-old R.W. told her mother, Shari Williams, that when she was at appellant's house he
made her touch his private part, first with her hands, and then with her mouth. R.W. testified that appellant made her touch
and suck his private part. 

II. Analysis

By issue one appellant asserts that he was denied due process of law, because the trial court erred in entering convictions
and consecutive sentences for two crimes that were charged in one indictment, one crime being a lesser-included offense of
the other. His argument is that the evidence showed that, if he had committed any crime, he had committed only one crime;
either aggravated sexual assault or indecency with a child, but not both. Thus he cannot receive punishment for two
crimes.

The State may, in one indictment, allege alternative legal theories for one offense. Vick v. State, 991 S.W.2d 830, 834
(Tex. Crim. App. 1999). If this is done the State may obtain only one conviction based on that indictment. Id. The State
may also charge separate offenses in separate indictments, or, the State can also join separate offenses in one indictment, as
long as the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Texas Penal Code. Id. As the
court of criminal appeals noted in Vick, article 21.24 of the Texas Code of Criminal Procedure requires separate counts for
separate offenses, which should be one method of delineating separate offenses from alternative legal theories. Id. One
transaction of aggravated sexual assault can result in the commission of separate statutory offenses. Id.

Here the State charged appellant in a single indictment with two offenses in separate counts, thus delineating separate
offenses. Further the evidence supports the allegations that two distinct offenses were committed: first, aggravated sexual
assault by the appellant causing his private part to contact R.W.'s mouth; and, second, indecency with a child by causing her
to touch his private part with her hands. 

Section 3.03 of the Texas Penal Code provides as follows: (a) When the accused is found guilty of more than one offense
arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has
been found guilty shall be pronounced. . . . 

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run
concurrently or consecutively if each sentence is for a conviction of: . . . . 

(2) an offense:

(A) under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age. . . .

Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2002).

The offenses for which appellant was convicted were aggravated sexual assault of a child, a violation of Texas Penal Code
section 22.021, and indecency with a child, a violation of Texas Penal Code section 21.11. When the State consolidates
offenses into one indictment an accused is entitled to a severance. Tex. Penal. Code Ann. § 3.04(a) (Vernon Supp. 2002). 
If the accused does not request a severance then the provisions of section 3.03 become effective. Ex Parte McJunkins, 954
S.W.2d 39, 41 (Tex. Crim. App. 1997).

Here appellant was accused of having committed two separate offenses, in two counts of one indictment; the evidence
supports a finding that two separate offenses were committed; appellant did not request a severance of these offenses; and,
the sentences of these offenses were ordered to run consecutively, as allowed by section 3.03 of the penal code. We
overrule the first issue.

By issue two appellant argues that he was denied "jury unanimity," because the trial court submitted instructions for two
separate offenses. As authority for this argument appellant cites Francis v. State, 36 S.W.3d 121 (Tex. Crim. App. 2000).
In that case the accused was charged with a single count of indecency with a child; however, the State elicited proof of four
separate incidents of indecency with a child. At the close of the evidence the accused asked the State to elect which
incidents it intended to proceed on. The State elected to proceed on two offenses, one in which the accused touched the
victim's breast, and one in which the accused touched the victim's genitals. Thereafter the jury was charged in the
disjunctive. The application paragraph of the charge allowed the jury to convict the accused if they found that he touched
the victim's breast or genitals.

The facts in this case are different from those in Francis. Here appellant was charged with two offenses in two separate
counts in his indictment. More importantly, however, the charge is not in the disjunctive; rather, it instructs the jury to
consider whether appellant is guilty or not guilty of the offense of aggravated sexual assault, as alleged in count one, and
then, in either event, instructs the jury to proceed to consider count two. We overrule the second issue.

By issue three appellant complains of three errors allegedly committed by trial counsel, which he claims resulted in a
deprivation of effective assistance of counsel. Claims of ineffective assistance are analyzed under the rule set out in
Strickland v. Washington, 466 U.S. 668, 688-89 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
The accused must show: (1) that his trial counsel's performance was not reasonably effective, falling below an objective
standard of reasonableness under the prevailing professional norms, and (2) this deficient performance prejudiced his
defense to the extent that the result of the proceeding would have been different. Strickland, 466 U.S. at 694; Washington
v. State, 771 S.W.2d 537, 545 (Tex. Crim. App. 1989). A "reasonable probability" means "a probability sufficient to
undermine confidence in the outcome." Strickland, 466 U.S. at 694; Ex parte Walker, 777 S.W.2d 427, 430 (Tex. Crim.
App. 1989). A showing of deficiency requires a demonstration that the trial counsel made errors so serious that he was not
functioning as the "counsel" guaranteed a defendant under the Sixth Amendment. The prejudice element requires a
showing that trial counsel's errors were so serious that they deprive the defendant of a fair trial; one whose result is reliable.
Strickland, 466 U.S. at 687. The "reasonably effective assistance" standard does not mean errorless counsel. Ex parte
Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991); Hernandez v. State, 799 S.W.2d 507, 508 (Tex. App.-Corpus Christi
1991, pet. ref'd). 

There is a strong presumption that trial counsel's conduct was reasonable and constitutes sound trial strategy. Strickland,
466 U.S. at 689. The appellant has the burden of overcoming this presumption by demonstrating his trial counsel's
performance was unreasonable under prevailing professional norms, and that the challenged action was not sound trial
strategy. Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); Mayhue v. State, 969
S.W.2d 503, 511 (Tex. App.-Austin 1998, no pet.).

Appellant's first complaint is that trial counsel failed to object or request a proper jury instruction which would have
protected him from an erroneous conviction and sentence for two crimes that were charged in a single indictment, when
one was a lesser- included offense of the other. In essence he complains that trial counsel did not prevent the "error"
complained of in issue one. Based upon our analysis of issue one we conclude that trial counsel's performance was not
deficient in this regard.

Second he complains that trial counsel failed to object or tender the appropriate instruction to the trial court so that he
would be assured jury unanimity. In other words he complains that trial counsel did not prevent the "error" complained of
in issue two. Based upon our previous analysis of issue two we conclude that trial counsel's performance was not deficient
in this regard.

Third appellant complains of trial counsel's failure to object to the admission of Tammy Hernandez's video-taped interview
of R.W. Hernandez, director of The Harbor Children's Advocacy Center, interviewed R.W. about the incident involving
appellant. A videotape of this interview was admitted in evidence without objection and then played to the jury. During the
interview R.W. said that appellant made her kiss and lick his private part.

After the State rested its case Patricia Morgan, Ph.D., a psychologist, testified for the defense. The purpose of her
testimony was to support the defense theory that R.W.'s accusations stemmed from her repressed memories and that a
triggering event recalled those memories. Dr. Morgan based her testimony in part on Hernandez's video-taped interview of
R.W. Accordingly trial counsel's failure to object to the admission of the videotape was not error, because the videotape
was needed to show the jury how Dr. Morgan arrived at her testimony.

There was no hearing on motion for new trial in which trial counsel could have testified about what he was thinking or
planning when he agreed to the admission of this evidence; and therefore, appellant made no showing that trial counsel's
decision to agree to allow the admission of the videotape into evidence was not sound trial strategy. The record shows that
trial counsel may indeed have had a sound trial strategy; showing the videotape to the jury, and then shooting it so full of
holes that the jury would not have believed any of it. The fact that his strategy did not work does not necessarily equate to
being an unsound trial strategy. The totality of the representation is evaluated from counsel's perspective at trial, not his
isolated acts or omissions in hindsight. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). 

Lastly appellant complains about the testimony of two witnesses, a DPS polygraph examiner, Sabino Martinez, Jr., and a
police detective, Eric Hart. Martinez's testimony, about which appellant complains, occurred outside the jury's presence.
Regarding Hart's testimony, the State's attorney asked him, "[W]hat type of case was this that you were investigating
involving [appellant]?" Hart replied, "After reviewing everything, it was apparent that it was Aggravated Sexual Assault
case with a child under the age of 14." Assuming that the admission of this testimony was error appellant has not shown
how this deficient performance prejudiced his defense to the extent that the result of the proceeding would have been
different. 

We hold that appellant has failed to satisfy the two-pronged test set forth in Strickland. We overrule issue three.

We AFFIRM the trial court's judgment.

______________________________

J. BONNER DORSEY,

Justice

Do not publish. 

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 28th day of March, 2002.