ABRAHA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-330-CR

YONAS TELDE ABRAHA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Yonas Telde Abraha appeals his conviction and life sentence for murder.  In eighteen points, appellant complains that the prosecutor improperly commented on his failure to testify, that his right to remain silent was violated when his trial counsel called him to testify at punishment, that the trial court erred by admitting evidence obtained from a search of his home and car, and that he was denied effective assistance of counsel during the guilt-innocence and punishment phases at trial. We affirm.  

II.  Background Facts

On May 10, 1999, Janice Perkins was found dead in her locked apartment.  Appellant and Perkins were in a relationship for two to three years, but at the time Perkins was killed, they were no longer together.
(footnote: 2)  DNA evidence taken from underneath Perkins’ fingernails established that appellant could not be excluded as the possible donor and that 99.99% of the population had been excluded.

The Fort Worth Police Department obtained an arrest warrant for appellant, arrested him, and a grand jury indicted him for murder.  Appellant was later released on bond, but he was expected to appear at his court hearings.  However, on May 30, 2001, an arrest warrant was issued for appellant after he failed to appear for court on May 24, 2001.
(footnote: 3)  On September 19, 2003, the police arrested appellant at Newark International Airport
(footnote: 4) in Newark, New Jersey under the May 30, 2001 arrest warrant and extradited him back to Texas where he stood trial.  On July 16, 2004, a jury found appellant guilty of murder and on July 19, assessed his punishment at a life sentence in the Institutional Division of the Texas Department of Criminal Justice. 

III.  Points Presented

In appellant’s points one through five, he generally complains that during closing argument at the guilt-innocence phase, the prosecutor improperly commented on his failure to testify and that his attorney failed to object to the comment.  In points six through ten, appellant asserts that he was denied effective assistance of counsel and his right to remain silent when he was called to testify during the punishment phase and was forced to state that he did not wish to testify in front of the jury.  In points eleven through sixteen, appellant contends that the trial court erred when it admitted evidence obtained through searches of his car and home in violation of the Vienna Convention and that he was denied effective assistance of counsel when his attorney failed to object to the admission of the evidence.  In appellant’s points seventeen and eighteen, he complains that he was denied effective assistance of counsel due to the cumulative effect of his attorney’s errors during trial. 

IV. Prosecutor’s Comment

A.  Failure to Testify

In points one through three, appellant generally complains that the prosecutor improperly commented on his failure to testify in violation of the United States and Texas Constitutions and the code of criminal procedure.  
See 
U.S. Const
. amend. V; 
Tex. Const.
 art. I, § 10; 
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 2005).  

During closing argument at guilt-innocence, the prosecutor stated,

You know, I don’t know specifically how he did it.  I mean, I think the medical examiner even told you he doesn’t know.  You know, maybe he had her in a head lock and she’s panicking and clawing like this and causes some scratches, and in the process she pulls out some of her own hair or hair extensions, I don’t know.  But somehow or other he did it, 
only he knows.  He knows what he did
. [Emphasis added.] 

However, appellant failed to object to the comment at trial.  A complaint regarding an improper comment on the defendant’s failure to testify is forfeited if not raised in the trial court.  
See Threadgill v. State,
 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); 
Wead v. State
, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004).  We conclude that appellant has failed to preserve error for our review because he did not object to the prosecutor’s comment at trial.  Thus, we 
overrule appellant’s points one through three.

B.  Ineffective Assistance of Counsel

In points four and five, appellant argues that he was denied effective assistance of counsel in violation of the United States and Texas Constitutions because his attorney failed to object to the State’s comment during closing argument on his failure to testify.
 

1. Standard of Review

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his 
counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005)
. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. 
Thompson
 
v. State
, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)
. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).

B.  Analysis

Appellant complains that his attorney’s failure to object to the prosecutor’s comment above constitutes ineffective assistance of counsel.  We apply a strong presumption that trial counsel was competent.  
See Thompson
, 9 S.W.3d at 813.  On appeal, we presume counsel's actions and decisions were reasonably professional and motivated by sound trial strategy.  
S
ee Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Here, we are unable to determine from the record if appellant’s counsel’s failure to object to the prosecutor’s comment was the result of trial strategy.  Therefore, we overrule appellant’s points four and five.

V. Right to Remain Silent

In appellant’s points six through ten, he generally contends that he was denied effective assistance of counsel and his right to remain silent under the United States and Texas Constitutions and the code of criminal procedure  when his attorney called him to the stand to testify during the punishment phase when he did not wish to. 
See 
U.S. Const
. amend. V; 
Tex. Const.
 art. I, § 10; 
Tex. Code Crim. Proc. Ann.
 art. 38.08. 

A.  Applicable Law

The Fifth Amendment of the United States Constitution provides that no person “shall be compelled in any criminal case to be a witness against himself.”  
U.S. Const
 amend. V.  Article one, section ten of the Texas Constitution states that a defendant, “shall not be compelled to give evidence against himself.”  
Tex. Const.
 art. I, § 10.  Article 38.08 of the code of criminal procedure directs that a defendant may testify on his own behalf, but if he chooses not to, that fact shall not be “alluded to or commented on by counsel in the case.”  
Tex. Code Crim. Proc. Ann.
 art. 38.08. 
   

B.  Applicable Facts

During the guilt-innocence phase, outside the presence of the jury, appellant’s attorney explained to appellant that he would recommend that appellant not testify.  Appellant’s attorney then asked appellant if he wanted to testify, and appellant stated that he did not wish to testify.

During the punishment phase, appellant’s attorney called appellant’s sister, Birikiti Abraha, to testify.  Before Birikiti could answer a question asked by the prosecutor during cross-examination, appellant interrupted and began telling the jury that he was not allowed to testify during the trial.

[APPELLANT]:  I’d like the jury to know that I told this man right here [his attorney] that I wanted to testify and they threatened me not to testify in this case right now.  I’d like you to let the jury know that right now.  Nobody allowed me to talk.

[BIRIKITI]: Yonas, sit down.

[APPELLANT]:  I asked him to testify in this case and he didn’t allow me to do that.  And I asked Detective Carroll for a lie detector test and Detective Carroll didn’t allow me to take a lie detector test for this case here.

[BIRIKITI]: Yonas.

[APPELLANT]: Detective Carroll himself said that – 

[BIRIKITI]: Yonas.

[APPELLANT]: – he was investigating somebody from this house and they did not come and try to investigate that person.  Detective Carroll himself said that and that person left town – 

THE COURT: Jury will go to the jury room.

[APPELLANT]: I’d like the jury to know that.

After the jury left the courtroom, the trial judge stated, “Mr. Abraha, it is your right to be present in the court during your trial.  But you have to follow certain rules.  And if you cannot follow those rules, then I will remove you from the courtroom.  There are to be no other outbursts.”  The trial judge then asked appellant if he was going to remain silent, and appellant said, “They didn’t allow me to testify and let me say anything that’s gone on in this case.”  The trial judge again asked appellant if he was going to remain silent during the testimony, and appellant said that he would.

However, after Birikiti finished testifying, appellant’s attorney called appellant to the stand to testify in front of the jury.  While appellant was still in his chair at counsel table, the trial judge asked appellant, “Mr. Abraha, do you wish to testify?”  Appellant stated, “In the first part of the case, sir.” Appellant’s attorney then said, “No, judge.  I apologize.  I was out of order.  I call Tekle Hagos [appellant’s father].”

After Hagos testified and outside the presence of the jury, appellant’s attorney again asked appellant questions regarding his right to testify.

[DEFENSE COUNSEL]:  Of course, you understand we’ve gone through the first phase of trial and you had the right to testify at that phase of trial.  You made your decision.  Now, you and I have discussed in great detail your right to testify in this phase of the trial.  Of course, I’ve told you the good and the bad thing about testifying.  And back there a few minutes ago you told me you do not want to testify in this phase of the trial.  Is that still your position?

[APPELLANT]: It serves no purpose to testify at this part of the trial.

[DEFENSE COUNSEL]: So you don’t want to testify?

[APPELLANT]: I wanted to testify in the first part of the trial.

[DEFENSE COUNSEL]: That’s what you’re telling the Court now?

C. Analysis

Appellant complains that his right to remain silent under the United States Constitution, Texas Constitution, and section 38.08 of the code of criminal procedure was violated when he was called to testify by his own counsel.  
Every criminal defendant is privileged to testify in his own defense, or to refuse to do so.  
Salinas
, 163 S.W.3d at 741; 
see Harris v. New York
, 401 U.S. 222, 225, 91 S. Ct. 643, 645 (1971);
 see also Maddox v. State
, 613 S.W.2d 275, 280 (Tex. Crim. App. 1980) (recognizing that attorney has duty to protect client's right to testify).  T
he Supreme Court has held that this right arises from the Fifth and Sixth Amendments, that it is personal to defendants, and that it cannot be waived by counsel.  
Johnson v. State
, 120 S.W.3d 10, 15 (Tex. App.སྭAmarillo 2003), 
aff’d
, 169 S.W.3d 223 (Tex. Crim. App. 2005),
 cert. denied
, 126 S. Ct. 1355 (2006); 
accord Rock v. Arkansas
, 483 U.S. 44, 49-52, 107 S. Ct. 2704, 2707-09 (1987).  Here, appellant interrupted during Birikiti’s cross-examination and stated in the presence of the jury that he wanted to testify.  Therefore, his attorney had a duty to call him to the stand and allow him to testify on his own behalf.  
See Maddox
, 613 S.W.2d at 280 (stating that an attorney has a duty to protect his client’s right to testify).  It was only after appellant’s attorney called him to testify that appellant informed the trial court and his counsel that he did not want to testify during the punishment phase, but had wanted to testify only during guilt-innocence.  We hold that because appellant indicated that he wanted to testify and his attorney had a duty to allow him an opportunity to testify, his right to remain silent under the federal and state constitutions and the code of criminal procedure was not violated.  Therefore, we overrule appellant’s points eight through ten.  
 In a case considering the issue of ineffective assistance of counsel, we must presume counsel’s actions and decisions were reasonably professional and were motivated by sound trial strategy.
(footnote: 5) 
 See Jackson
, 877 S.W.2d at 771; 
Matthews v. State
, 152 S.W.3d 723, 732 (Tex. App.སྭTyler 2004, no pet.)
.  
Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did.  
Matthews
, 152 S.W.3d at 732.  Here, the record is silent as to the reasons why appellant’s attorney called him to testify.  The last thing the jury heard before going to the jury room was that appellant wanted to testify, but his attorney would not allow him to.  It would not seem illogical that appellant’s attorney would call him to the stand to ease the confusion of the jurors about whether appellant wished to testify.  
As a result, appellant cannot overcome the strong presumption that his counsel performed effectively.  
See Matthews
, 152 S.W.3d at 732.  We overrule points six and seven.  
 

VI.  Admission of Evidence

In points eleven through sixteen, appellant generally complains that the trial court erred in admitting DNA evidence and evidence obtained from searches of his car and house and that he was denied effective assistance of counsel when his attorney failed to object to the admission of the evidence in violation of his rights under the Sixth Amendment, Vienna Convention on Consular Relations, and article 1, section 10 of the Texas Constitution. 

A.  Applicable Law

Article VI of the United States Constitution provides,

This Constitution, and the laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const.
 art. VI.  
Article 38.23 of the code of criminal procedure governs what type of evidence cannot be used at trial. 
 
Tex. Code Crim. Proc. Ann.
 art. 38.23 (Vernon 2005).  The article provides,

(a) No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.  

Id.
 § 38.23(a).  

B.  Applicable Facts

On May 19, 1999, Aliece Watts, a senior forensic scientist in the serology DNA department with the Fort Worth Police Department crime laboratory, collected DNA samples from appellant pursuant to a search warrant.
 Watts collected one tube of blood, saliva samples, and head and pubic hair samples.  At the trial, the State introduced a container that had part of a swab, a stain from the blood sample, and an envelope that contained another blood swatch into evidence.  Appellant objected to the introduction of the evidence on the basis of relevance and rules 401, 402, and 403.  
See 
Tex. R. Evid.
 401, 402, 403.  The trial court overruled each of appellant’s objections and allowed the samples into evidence.

Also at trial, Mike Carroll, a homicide detective with the Fort Worth Police Department, testified that he obtained a search warrant for appellant’s white Chevrolet Camaro.  During the search of the car, the police found a picture of Perkins in the back passenger seat.  The State introduced the picture into evidence without objection.  Additionally, Detective Carroll testified that he obtained a search warrant for appellant’s duplex.  The police recovered a “handful” of hair from the bathroom, the trash can in the kitchen, and other places where the hair was scattered throughout the apartment.  Appellant did not object to the testimony of what was found in his house. 

C.  Analysis

The Vienna Convention on Consular Relations is a treaty which protects the rights of United States citizens abroad and foreign nationals in the United States.  Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36, at http://www.sos.state.tx.us/border/intlprotocol/vienna.shtml; 
Sorto v. State
, 173 S.W.3d 469, 477 (Tex. Crim. App. 2005), 
petition for cert. filed
, ____
 
 U.S.L.W. _____ (Jan. 2, 2006) (No. 05-8520).  The treaty promotes the effective delivery of consular services in foreign countries, including access to consular assistance when a citizen of one country is arrested, committed to prison or in custody pending trial, or detained in any other manner in another country.  
Sorto
, 173 S.W.3d at 477. In its preamble, the treaty states that “the purpose of such privileges and immunities is not to benefit individuals but to ensure the efficient performance of functions by consular posts on behalf of their respective States[.]” 
Id. 
(citing Vienna Convention on Consular Relations, preamble).
  

Article 38.23 provides that any evidence that is obtained in violation of the federal and State constitutions must be excluded from trial. 
 
Tex. Code Crim. Proc. Ann.
 art. 38.23(a).  However, the court of criminal appeals has held that the Vienna Convention is excluded from article 38.23 of the code of criminal procedure.
  See Rocha v. State
, 16 S.W.3d 1, 19 (Tex. Crim. App. 2000).  The court stated, “Given the language of article 38.23, the purpose and function that treatises provide, and the uniquely federal aspect involved in enforcing international agreements, we hold that treatises do not constitute ‘laws’ for article 38.23 purposes.”  
Id.  
More recently, in 
Sorto
, the court of criminal appeals held, “[T]he Vienna Convention does not create the type of personal rights the violation of which can be remedied in Texas criminal courts by the suppression of evidence under article 38.23.”  
Sorto
, 173 S.W.3d at 479.  

Therefore, until the Supreme Court decides that Vienna Convention violations must be enforced through the exclusionary rule by all federal and state courts, article 38.23 does not apply to the treaty.  
See Rocha
, 16 S.W.3d at 19.  Appellant does not challenge the admission of the evidence on any other basis.  Because the court of criminal appeals has held that the Vienna Convention is excluded from article 38.23, we hold that the trial court did not err in admitting the DNA evidence or the evidence obtained from the searches of appellant’s car and house.  Thus, we overrule points eleven and fourteen.  

D.  Ineffective Assistance of Counsel

In appellant’s points twelve and thirteen, he complains that he was denied effective assistance of counsel because his attorney failed to object to the admission of DNA evidence.  In points fifteen and sixteen, appellant asserts that he was denied effective assistance of counsel because his attorney failed to object to the admission of items recovered from searches of his car and house in violation of the federal constitution and the Vienna Convention.  
However, as we stated above, the trial court did not abuse its discretion in admitting the DNA evidence or the evidence from the search of appellant’s car and house because the Vienna Convention is excluded from article 38.23.  The failure to object does not establish ineffective assistance of counsel if no proper objection could have been made.  
See Hernandez v. State
, 799 S.W.2d 507, 509 (Tex. App.—Corpus Christi 1990, pet. ref’d).  Therefore, we overrule appellant’s points twelve, thirteen, fifteen, and sixteen.

VII.  Cumulative Effect of Errors

In points seventeen and eighteen, appellant complains that he was denied effective assistance of counsel because of the cumulative effect of his attorney’s errors during the guilt-innocence and punishment phases at trial. Appellant asserts that the above errors taken together fall below the objective standard of reasonableness under prevailing professional norms.  However, as discussed above, appellant’s attorney did not err in (1) failing to object to the prosecutor’s comment, (2) calling appellant to the witness stand to testify, and (3) not challenging the admissibility of the evidence found in appellant’s car and house allegedly obtained in violation of the Vienna Convention.  We conclude that appellant was not denied effective assistance of counsel because his attorney did not err during the trial. Therefore, we overrule appellant’s points seventeen and eighteen.  

VII.  Conclusion

Having overruled appellant’s eighteen points, we affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 30, 2006
 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Perkins’ mother denied that Perkins was dating someone else, but Tamika Austin, Perkins’ cousin, testified that she was dating Kerry Washington at the time she was murdered. 

3:
Appellant fled the country before his trial began.

4:
Appellant was on a flight from Switzerland to New Jersey.

5:
Ineffective assistance claims are usually best addressed by a post-conviction writ of habeas corpus.  
See Thompson
, 9 S.W.3d at 814 & n.6; 
Ex parte Torres
, 943 S.W.2d 469, 475-76 (Tex. Crim. App. 1997).