Opinion issued June 10, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00941-CR

———————————

CHARLES SHANNON SIMPSON, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 263rd District Court

Harris County, Texas



Trial Court Case No. 1192316

 



 

MEMORANDUM OPINION

Appellant, Charles Shannon Simpson, was charged by
indictment with the offense of felony possession of a firearm,[1] enhanced by two prior felonies.  Appellant pleaded not guilty to the primary
offense and pleaded “true” to the enhancements. 
A jury found appellant guilty, found the enhancements true, and assessed
punishment at confinement for 25 years.  

In his sole point of error, appellant contends that he was
denied effective assistance of counsel.

          We affirm.

Background

          On the night of November 18, 2008,
Officer A. Olvera of the Houston Police Department was on patrol when he saw
the driver of a vehicle traveling on Russell Street fail to signal a left
turn.  Officer Olvera got behind the
vehicle, ran the license plate, and learned that the license was expired and
had outstanding city warrants.  He then
stopped the car.  The driver, later
identified as appellant, did not have a valid driver’s license.

          Officer Olvera testified that he believed
that something was amiss because appellant was nervous and fidgety. Officer
Olvera called for backup officers to assist. 
Officers Nieto and Bueno arrived on the scene and, together, the three
officers approached appellant.  When the
officers opened appellant’s car door, they could smell marijuana and saw “little
poppy seeds of marijuana” on the driver’s side floorboard of the car.

          Officer Olvera testified that Officer
Bueno patted down appellant and found three bullets for a .38 Special in
appellant’s right front pocket.  Officers
Olvera and Nieto found an unloaded, chrome-colored, .38-caliber pistol in the
glove box of appellant’s car.  As the
officers retrieved the weapon, appellant began yelling that the pistol belonged
to his aunt and that he had been trying to prevent her from “committing some
stupid act.”

          Appellant testified that, on the night
of the incident, he was driving his girlfriend’s car and that he had picked up
his aunt from her apartment, where she had been involved in a confrontation
with other men.  Appellant testified
that, when he arrived at his aunt’s house, he unloaded the pistol into his
pocket.  Appellant testified that he did
not know, however, how the pistol got into the car.  Appellant also testified that he knew that he
was not supposed to be in possession of a firearm.

          Appellant did not file a motion for
new trial.  This appeal followed.

Ineffective Assistance of Counsel

Appellant contends that he was denied effective assistance of
counsel because counsel (1) arrived 45 minutes late to trial and was held in
contempt of court; (2) failed to properly object to the admissibility of the
weapon and generally failed to make objections; (3) failed to pursue any
defensive strategies; and (4) allowed appellant to give damaging testimony.

A.      Standard of Review

          To prove ineffective assistance of
counsel, appellant must show that (1) counsel’s performance fell below an
objective standard of reasonableness and (2) that, but for the deficient
performance of counsel, there is a reasonable probability that the result of
the proceeding would have been different. Strickland
v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101
(Tex. Crim. App. 2005).  A “reasonable
probability” is a probability sufficient to undermine confidence in the
outcome. Strickland, 466 U.S. at 694,
104 S. Ct. at 2068.

To prevail, appellant must prove ineffective assistance by a
preponderance of the evidence and must overcome the strong presumption that
counsel’s conduct falls within the wide range of reasonably professional
assistance or might reasonably be considered sound trial strategy.  See
Robertson v. State, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006).  A failure to make a showing under either prong
defeats a claim of ineffective assistance of counsel.  Rylander
v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

Any allegation of ineffectiveness must be firmly founded in
the record. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  Generally,
the record on appeal is undeveloped, and a silent record that provides no
explanation for counsel’s actions will not overcome the strong presumption of
reasonable assistance.  See Rylander, 101 S.W.3d at 110-11.  In the rare cases in which the record on
direct appeal is sufficient to show that counsel’s performance was deficient,
an appellate court should address the claim.  Robinson
v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).  On a record that is silent regarding counsel’s
strategy, this court can find ineffective assistance of counsel only if the
challenged conduct was “so outrageous that no competent attorney would have
engaged in it.” Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

B.      Analysis

          1.       Late to trial

          Appellant first contends that his
counsel was ineffective because he arrived 45-minutes late to trial and was held
in contempt of court. 

          The record shows that, at the
beginning of trial, the following discussion took place between appellant’s
counsel and the trial court, outside the hearing of the jury:

          [Counsel]:   [I] [a]pologize for being late, Your Honor. 

          The Court:  Well, since you’re supposed to be here at 9:30, I’d say you
are.  It’s 10:15 now, 45 minutes
late.  I’ve got a jury that’s been here
since, oh, about 9:20.  So you tell me
why you were.

          [Counsel]:   I had a jury trial scheduled in the Justice of the Peace Court
51.  I turned in a motion yesterday for a
continuance.  They told me that if I was
not there at 9:00 a.m. that my client would be found guilty by default and that—

          The Court:  Found guilty by default, I’ve never heard of such a thing.

          [Counsel]:   They told me if I wasn’t there that they would be found guilty and—

          The Court:  That’s impossible.

          [Counsel]:   Well, that’s what the clerk told me.

          The Court:  You ought to know better.  So
you went to J.P. Court this morning instead of being here at 9:30 like you’re
supposed to?

          [Counsel]:   I had to take care of my client’s interest and my personal
consequences to me [sic] I have to accept. 
And I apologize and accept whatever consequences.

          The Court:  I’ll figure out what those are. 
And I’m holding you in contempt of Court.  And fill out the necessary documentation
before you leave today, sir.  Thank you.

 

          Once the jury entered the courtroom,
the trial court explained the late start of trial as follows:

The Court:  . . . Good morning, ladies and gentlemen of
the Jury. . . . I apologize to you about starting late, I like to start
promptly at 9:30 but sometimes matters are out of my control.  And that’s what happened today, we didn’t get
everybody here until just about two seconds ago.  With that, I’ll ask, is the State ready to
proceed?

 

The record does not reflect that the jury had any knowledge
that the tardiness of appellant’s counsel was the cause of the late start, and
appellant has not advanced any argument demonstrating how he was prejudiced by counsel’s
late arrival.  As such, appellant has not
shown that there is a reasonable probability that, but for counsel’s tardiness,
the outcome of the proceeding would have been different.  See Strickland, 466 U.S. at 694, 104 S.
Ct. at 2068; see also Eddie v. State, 100 S.W.3d 437, 442
(Tex. App.—Texarkana
2003, pet. ref’d) (concluding that being held in contempt for tardiness to
trial does not render counsel per se ineffective).  A failure to make a showing under either
prong defeats a claim of ineffective assistance of counsel.  Rylander,
101 S.W.3d at 110.

2.       Failure to object

Appellant next contends that his counsel was ineffective
because he failed to properly object to the admissibility of the weapon and
because he generally failed to make any objections at trial.  

Specifically, with regard to the weapon, appellant complains
of his counsel’s objection and the trial court’s response, emphasized below,
during the State’s direct examination of Officer Olvera:

          [State]:                  Can
you tell us what State Exhibit No. 4 is? 

          [Officer]:               It’s
a chrome—chrome revolver.

[State]:                 Is
this the same firearm you found in the . . . glove compartment—

          [Officer]:               Yes.

          . . . .

          [State offers Exhibit
No. 4]

[Counsel]:             Your
Honor, we’d like to object.  This is not
the gun that was in the glove compartment.

          The Court:            I
can’t hear a word you just said.

          [Counsel]:             Approach, Your Honor?

          (At the bench)

The Court:            
Yes, sir.

[Counsel]:              Your Honor, he says this is not the gun that
was found—

The Court:             Your client says it wasn’t—I’m
sorry?

[Counsel]:              This is not his gun.

The
Court:             That has nothing to do with whether it’s admissible or not, counsel.

 

The trial court then admitted Exhibit
No. 4, the pistol. 

          The record shows that the specific
discussion appellant complains of took place at the bench and outside the
hearing of the jury.   Although it
appears that, prior to the discussion appellant complains of, the same
statement was made in front of the jury, appellant does not advance any
argument on appeal demonstrating how he was prejudiced by that statement.   Appellant has not met his burden to show a
reasonable probability that, but for counsel’s allegedly inartful objection,
the outcome of the proceeding would have been different. See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.  

          Appellant
also makes the bare assertion that his counsel was ineffective for having generally
failed to enter any objections.  Appellant
does not point to any place in the record in which counsel failed to offer a
proper objection.  To successfully argue that
counsel’s failure to object amounted to ineffective assistance, appellant must
show that the trial court would have committed error in overruling such an
objection.  See Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim.
App. 1996); Hernandez v. State, 799
S.W.2d 507, 509 (Tex. App.—Corpus Christi 1990, pet. ref’d) (explaining that
failure to object does not establish ineffective assistance of counsel if no
proper objection could have been made).  We
cannot conclude that appellant has overcome the strong presumption that
counsel’s conduct falls within the wide range of reasonably professional
assistance or might reasonably be considered sound trial strategy. See Robertson, 187 S.W.3d at 482-83; Tong v. State, 25 S.W.3d 707, 714 (Tex.
Crim. App. 2000). 

3.       Defensive strategies        

Appellant next contends that his counsel was ineffective
because he failed to pursue any defensive strategies.

To the contrary, the record shows that counsel filed
pre-trial motions; questioned the venire; cross-examined the State’s witnesses;
and successfully advanced objections to the charge.  In addition, counsel argued in closing that
the State had failed to show that appellant owned the car or had “ever
possessed any kind of a weapon.”  Counsel
emphasized appellant’s testimony regarding the circumstances surrounding
appellant’s aunt having been in the car and having left the gun in the car.  At punishment, counsel presented the
testimony of three witnesses on behalf of appellant. 

After reviewing the totality of defense counsel’s
representation and employing the strong presumption that counsel’s conduct
might reasonably be considered sound trial strategy, as we must, we conclude
that appellant has not met his burden under Strickland to show that
counsel was ineffective on this basis.  See
Robertson, 187 S.W.3d at 482–83; Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.).  

4.       Damaging testimony

Finally, appellant contends that his counsel was ineffective
because he allowed appellant to give damaging testimony.  Specifically, appellant complains that he admitted during his testimony
that he had been holding his aunt’s pistol and that he had removed the bullets
himself.  Appellant complains that,
“[w]ith this confession, [he] essentially admitted the elements of the charged
offense.”

The record before us is silent concerning counsel’s
motivations because appellant did not file a motion for new trial. See Gamble,
916 S.W.2d at 93.  When the record is
silent, we may not speculate about counsel’s approach.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Gamble, 916
S.W.2d at 93. We must presume counsel had a plausible reason for his
actions.  Safari v. State, 961 S.W.2d 437, 445 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d).  In this case, counsel’s actions
are not such that no reasonable trial strategy could explain them.  See
Robertson, 187 S.W.3d at 482–83.  Appellant,
therefore, has failed to overcome the strong presumption that his trial counsel
acted within the range of reasonable professional assistance. See Gibbs v. State, 7 S.W.3d 175, 179
(Tex. App.—Houston
[1st Dist.] 1999, pet. ref’d).

          Accordingly, we overrule appellant’s
sole point of error.  

Conclusion

          We affirm the judgment of the trial court.

 

 

                                                                   Laura
C. Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Hanks, and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           See Tex.
Penal Code Ann. § 46.04 (Vernon Supp. 2009).