Kay Douglas, Huntsville, for applicant.

Rolando R. Ramirez, Dist. Atty., Alice and Robert Huttash, State's Atty., Austin, for the State.

---

**Ex parte Hector GALVAN, Applicant.**

No. 70692.

Court of Criminal Appeals of Texas, En Banc.

May 24, 1989.

## OPINION

DUNCAN, Judge.

This is an application for post-conviction writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

On August 24, 1983, after being found guilty by the court for the offense of delivery of heroin, less than twenty-eight grams, enhanced by prior convictions, the applicant was assessed life imprisonment in the Texas Department of Corrections. In his request for relief, the applicant asserts that he was denied effective assistance of counsel on appeal when his court-appointed attorney failed to file timely a notice of appeal.

The record before us indicates that the applicant was provided court-appointed counsel who represented him during trial. After trial, his attorney filed a written motion for new trial, but failed to file a notice of appeal. In his affidavit, the applicant's court-appointed attorney stated that "the

Court in Jim Wells County routinely made appointments in criminal cases for trial only, and routinely made new appointments in the event that the defendants desired to appeal. Because the defendant did not communicate his desire for appeal, no further action was taken...." The docket sheet indicates that a hearing on this issue was held on May 5, 1987, and the court found that petitioner was rendered effective assistance of counsel.

■ In Texas, criminal defendants are granted a statutory right of appellate review. Article 44.02, V.A.C.C.P. Moreover, a court-appointed attorney has a statutory duty to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." Article 26.04, V.A.C.C.P. Consonant with Article 26.04, supra, this Court has held that an appointed attorney's legal responsibilities do not automatically terminate at the conclusion of trial. *Ward v. State*, 740 S.W.2d 794, 796 (Tex.Cr.App.1987). An attorney has a responsibility, as a "counselor at law," to counsel the criminal defendant on the viability and merits of pursuing an appeal. *Ex parte Axel*, 757 S.W.2d 369 (Tex.Cr.App.1988). Additionally, the standard practice of a particular court which "routinely" appoints different counsel in criminal cases for trial and on appeal does not obviate the affirmative duty of an attorney to preserve a defendant's right to appeal, regardless of whether he considers his appointment "for trial only." *Ward v. State*, supra.

The logical prerequisite to an attorney pursuing an appeal is that his client desires to appeal. In *Ex parte Engle*, 418 S.W.2d 671 (Tex.Cr.App.1967), the defendant claimed that he was denied the right of appeal, the appointment of lawyer on appeal and a record for appeal. Former Presiding Judge Onion, writing for the Court in *Engle*, stated:

It is clear that relator did not give notice of appeal as required by Article 827, V.A.C.C.P., in effect at the time of the sentence nor does the record show

that relator manifested in any way to the trial court or any responsible official or representative of the State his desire to appeal, or that they knowing of his desire failed to aid him.

*Id.* at 675.

In the present case, a similar situation is present. As previously noted, the defendant's attorney claims that the defendant did not let him know he wanted to appeal. In his application, the applicant simply claims that he "wanted to appeal his conviction at the time...." However, the applicant presents no facts or information whatsoever to support this claim.

Associated with the necessity of a defendant manifesting his desire to appeal, in *Ward v. State*, supra, we held that "this presupposes that the defendant had been appraised of his right to appeal." In *Ex parte Axel*, supra, we imposed this duty on the defendant's attorney. In a letter to applicant's present attorney, and made a part of the writ record, his trial counsel wrote that he told the applicant that although he did not think he would be appointed on the appeal he would nevertheless file a motion for new trial. Further, he stated in the letter "that the conversation regarding an appeal took place in Jim Wells County Court House on the date the trial concluded." Moreover, in his affidavit he states that "the defendant had not make [sic] a decision to appeal...." Thereafter, according to the affidavit, the applicant was moved to another county's jail and "the defendant did not communicate his desire for an appeal." Based on these statements and the applicant's claim that he "wanted to appeal his conviction at the time ...," it is apparent the applicant knew he had the right to appeal his conviction.

In a post-conviction writ of habeas corpus the burden of proving the claims for relief is upon the applicant. *Ex parte Cruz*, 739 S.W.2d 53 (Tex.Cr.App.1987); *Ex parte Salinas*, 660 S.W.2d 97 (Tex.Cr.App. 1983). Further, an applicant must prove his allegations by a preponderance of the evidence. *Ex parte Griffin*, 679 S.W.2d 15 (Tex.Cr.App.1984). When the trial court makes findings of facts and conclusions of

law, although we are not bound by them, if supported by the record they should be followed. *Ex parte Adams,* 768 S.W.2d 281 (Tex.Cr.App.1989).

In the present case, the trial judge wrote on the docket sheet that the applicant had received effective assistance of counsel. Evidently, the trial court, at least in part, elected to believe the affidavit of the trial lawyer rather than the allegations of the applicant. This is his function and prerogative and the record supports this conclusion.

■ One additional matter should be noted. Almost six years have passed since the applicant was convicted in this case and he has never complained previously that he was denied an appeal. This Court has consistently and properly held that we have no desire to impose upon defendants the requirement that claims for relief be asserted within a specified period of time. *Ex parte Rocha,* 482 S.W.2d 169 (Tex.Cr.App.1972); *Ex parte Young,* 479 S.W.2d 45 (Tex.Cr.App.1972). Such a rule would be arbitrary and probably unconstitutional. Art. I, § 12, *Tex. Const.* Nevertheless, " 'a petitioner's delay in seeking relief can prejudice the credibility of his claim.' " *Ex parte Rocha,* supra, at 170.

As noted, it is obvious that the applicant knew of his right to appeal. Further, he never claims that he actually advised anyone he wanted to appeal. Applicant's trial attorney states that he was never asked to appeal the case. Thus, compliance with the first prerequisite to obtain an out of time appeal because of the ineffective assistance of counsel on appeal: a defendant must manifest a desire to appeal, *Ward v. State,* supra, was not proven by the applicant.

Accordingly, the relief sought is denied.

TEAGUE, J., dissents for the reasons expressed in the dissenting opinion that he filed in *Ex parte Axel,* 757 S.W.2d 369 (Tex.Cr.App.1988).