IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,539-01






EX PARTE BRANDON JAVON PAYNE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1238708 IN THE 230TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated robbery and sentenced to thirty years' imprisonment. 

 Applicant claims that his trial counsel promised he would receive probation and that
trial counsel failed to pursue an appeal. Regarding the alleged promise of probation, trial
counsel states in an affidavit submitted to the trial court that he made no such promise
regarding probation or any other sentence. In light of counsel's averments, which the trial
court finds credible, the claim lacks merit. Regarding the appeal claim, trial counsel states,
"Since I did not think there was any Grounds for Appeal I have no notes in my file about the
extent to which appeal was discussed. ... At no time did the Applicant tell me he wanted to
appeal." The trial court recommends that this claim be denied because "Applicant did not
manifest a desire to appeal his conviction, [so] counsel was not obliged to pursue an appeal
or obtain his leave as counsel on appeal in the primary case."

 It is true that to obtain an out-of-time appeal because of the ineffective assistance of
counsel, a defendant must have manifested a desire to appeal. Ex parte Galvan, 770 S.W.2d
822, 824 (Tex. Crim. App. 1989). But this requirement is dependent upon the defendant
having been informed of his appellate rights. See Ex parte Axel, 757 S.W.2d 369, 374 (Tex.
Crim. App. 1988). As this Court has held, "[T]rial counsel ... has the duty, obligation and
responsibility to consult with and fully to advise his client concerning meaning and effect of
the judgment rendered by the court, his right to appeal from that judgment, the necessity of
giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his
professional judgment as to possible grounds for appeal and their merit, and delineating
advantages and disadvantages of appeal." Id. The record provided to this Court does not
contain a certification of right to appeal signed by Applicant or any other document
indicating that Applicant was informed of his appellate rights. See, e.g., Tex. R. App. Proc.
25.2(a)(2).

 A defendant may also knowingly and intelligently waive his right to appeal as part of
a plea, even when sentencing is not agreed upon, where consideration is given by the State
for that waiver. Ex parte Broadway, 301 S.W.3d 694 (Tex. Crim. App. 2009); see also Ex
parte Delaney, 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006) (holding where a waiver
of appeal is entered prior to adjudication and sentencing, has not been bargained for, and the
precise terms of punishment are uncertain, the waiver is not made voluntarily, knowingly,
and intelligently). The capped-plea agreement in this case, signed by Applicant, states, "I
waive any right to appeal which I may have should the court accept the foregoing plea
bargain agreement between myself and the prosecutor." But there is nothing else in the
record provided to this Court regarding whether Applicant had a right to appeal and whether
the appellate waiver in the capped-plea agreement was voluntarily, knowingly, and
intelligently made and supported by separate consideration given by the State. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order counsel to provide an additional affidavit
indicating: (1) whether he informed Applicant that he had a right to appeal; (2) whether he
explained the appellate waiver in the capped-plea agreement to Applicant; and (3) whether
that appellate waiver was bargained for between the parties and made in exchange for a
concession by the State. In addition to obtaining this affidavit, the trial court may also use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve these issues. In the
appropriate case, the trial court may rely on its personal recollection. Id. If the trial court
elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings of fact regarding: (1) whether Applicant
had a right to appeal; (2) whether Applicant was informed of his appellate rights; (3) whether
the appellate waiver in the capped-plea agreement was voluntarily, knowingly, and
intelligently made; and (4) whether that appellate waiver was bargained for between the
parties and made in exchange for a concession by the State. The trial court shall also make
any other findings of fact that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: October 19, 2011

Do not publish