IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,739






EX PARTE BENJAMIN CHASE CAPPS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 39,504-A IN THE 188TH DISTRICT COURT


FROM GREGG COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
felony DWI, enhanced with a prior felony conviction, and was sentenced to twenty years'
imprisonment.

 Applicant contends his trial counsel's representation denied him the opportunity to
prosecute a direct appeal from this conviction and sentence. Trial counsel filed an affidavit
with the trial court regarding the claim, and based on the affidavit and applicable law, the
trial court has entered findings of fact and recommends that Applicant be allowed the
opportunity to pursue an out-of-time appeal. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim.
App. 1988); Ex parte Galvan, 770 S.W.2d 822 (Tex. Crim. App. 1989); Ex parte Crow, 180
S.W.3d 135 (Tex. Crim. App. 2005).

 We hold, therefore, that Applicant is entitled to the opportunity to file an out-of-time
appeal of the judgment of conviction in Cause No. 39,504-A from the 188th District Court
of Gregg County. Applicant is ordered returned to that time at which he may give a written
notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal.

 Within ten days of the issuance of this opinion, the trial court shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All
time limits shall be calculated as if the sentence had been imposed on the date on which the
mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal,
he must take affirmative steps to file a written notice of appeal in the trial court within 30
days after the mandate of this Court issues.


Delivered: February 29, 2012

Do not publish