17,722-03

Roosevelt Hollins #435032
O.B. Ellis Unit
1697  FM  980
Huntsville, Texas  77343

Date: Febuary 27, 2015          RE:   Habeas Corpus No. WR-17,722-03
                                      Exparte Hollins, Response-PRO SE

CLERK OF COURT OF CRIMINAL APPEALS
Abel Acosta
P.O. Box 12308, Capitol Station
Austin, Texas  78711

Dear Clerk,

    Enclosed please find one copy of my Response to the State's
Reccomendation for my habeas corpus to be denied. Please file
the same for consideration in this matter.


Sincerely,

*Roosevelt Hollins*
Roosevelt Hollins-PRO SE

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 02 2015
Abel Acosta, Clerk

(A)

EX PARTE § IN THE _____ JUDICIAL DISTRICT

ROOSEVELT HOLLINS § COURT FOR

    Applicant § DALLAS COUNTY, TEXAS

                 § TRIAL COURT No.W86-89106-M(B)


HABEAS CORPUS No. WR-17,722-03
APPLICAN'S RESPONSE TO THE STATE'S
RECCOMENDATION TO DISMISS HABEAS CORPUS


TO THE HONORABLE JUDGE OF COURT OF CRIMINAL APPEALS:

Now Comes, the Applicant, Roosevelt Hollins, who filed

this writ of habeas corpus pursuant to a conviction in cause

number W86-89106-M(B). Applicant alleges that he is illegally

confined at the O.B. Ellis Prison Unit in violation of his

Constitutional Right to "Effective Assistance of Counsel,"

as is provided by Article I, section 19, and Article I Section

10 of the Texas Constitution, as well as pursuant to the 6th

Amendment of the United States Constitution.


THE CLAIM


  (A): APPLICANT CONTENDS THAT HIS TRIAL COUNSEL FAILED
       TO OBJECT TO INCORRECT TESTIMONY BEING READ
       BACK TO THE JURY WHICH CHANGED THE OUT-COME
       OF HIS CRIMINAL TRIAL PROCEEDING:


  (B): NO RATIONAL JUROR WOULD HAVE CONVICTED APPLICANT
       ABSENT THE ERROR OF TRIAL COUNSEL:


  (C): COUNSEL'S ERROR IN FAILURE TO OBJECT WAS SO
       HARMFUL THAT IT DEPRIVED APPLICANT OF A FAIR
       TRIAL:


  (D): THE RESULTS OF COUNSEL'S EFFORTS ON APPEAL


(1)

WERE USELESS SINCE HIS ERROR AT TRIAL PREVENTED
APPLICANT OF THE RESULTS THAT HE WAS ENTITLED:


(E): THE COURT OF CRIMINAL APPEALS HAS CONSISTENTLY
HELD THAT IT HAS NEVER DENIED RELEIF TO A
FEDERAL CONSTITUTIONAL ERROR:


APPLICANT'S ARGUMENT

Applicant argues before this Honorable Court of Criminal
Appeals that the State attempts to over shadow a clear "Federal
Constitutional Error", i.e., Ineffective Assistance of Counsel
at the most critical stage of applicant's trial proceeding.
In what was a meaningless order the court ordered counsel to
explain his representation at trial, notwithstanding the fact
that the records pertaining to counsel's Error at trial has
been preserved in an published opinion in Hollin v. State, 734
S.W.2d 194 (19  ); and Hollis v. State, 805 S.W.2d 475 (19  ).
In both of those opinions the Court of appeals addressed the
reading of "Incorrect Testimony" back to the jury. See Hollins
v. State, [supra]; Court of Appeals Dallas. In that opinion the
Court of Appeals found that reading incorrect testimony back
to the jury was Reversible Error since...

> ... that portion of testimony was likely the
> very testimony that the jury was considering
> because of possible mistaken idenity by the
> victim.

On discretionary review the Court of criminal Appeals af-
firmed by holding that applicant "should have known" of the
incorrect testimony since it was read back on the same day

(2)

that the testimony was given. Hollins [supra]. Since counsel's error in failure to object to the reading back of incorrect testimony, the next question should have been is or was there a reasonable probability that, absent counsel's error, the fact-finder would have had reasonable doubt on the issue of guilt, considering the totality of the evidence. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Applicant pointed out in his habeas corpus writ the findings of the Court of Appeals in Dallas, whereas that court clearly found that, "since the jury was possible considering a mistaken idenity when it requested the trial testimony read back to them, the error was harmful and affected the out-come of the trial. Under the circumstances Applicant argues, the challenged action can not be remotely be considered sound trial strategy. See id; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Because the record in this case is complete with evidence showing error that reflects the trial attorney reasoning were certainly not good ones when he failed to object when Applicant's entire defense depended upon him to assure that trial was fair, this Court must defer to the Strickland presumption on the matter of whether or not this was sound trial strategy. Jackson, 877 S.W.2d at 771-72. Applicant alleges that by the Strickland court it was not.

## THE CARRIO CLAIM

The State argues that because applicant has waited over 20 years to bring this error, his claim should thus be denied

(3)

citing Exparte Carrio, 992 S.W.2d 486 (Tex. Crim. App. 1999). However, this court clearly made it known that the Court of Criminal Appeals "has never denied relief on a 'valid' claim due to an Applicant's delay in bringing the claim". On the contrary we have no desire to impose upon defendants the requirement that claims for releif be asserted within a specified period of time. Ex parte Galvan, 770 S.W.2d 822, 824 (Tex. Crim. App.) (citing Ex parte Rocha, 482 S.W.2d 169 (Tex. Crim. App. 1972), and Ex parte Young, 479 S.W.2d 45 (Tex. Crim. App. 1972). Nevertheless, we have reconized that delay on the Applicant's part will affect his credibility. Young, 479 S.W.2d at 46. Although Ineffective Assistance Claims fall within the Rule 9 (a) holdings, it appears that such rules were created to avoid those cases where trial counsel's memory of the facts of the case has been lost. Commentators reason that, when claims are asserted after the passage of many years, Attornies for the defendant and the State have difficulty in ascertaining the facts. However, in this case there is a record of the incorrect testimony being read back to the jury, the trial record indicates that Applicant's Attorney failed to object. The Court of Appeals found reading of the incorrect testimony to have been harmful to Applicant's trial. Applicant could not obtain releif because of Counsel's Error at trial. The Fifth Circuit has acknowledged that application of Rule 9 (a) "must be carefully limited to avoid abrogating the purpose of the writ of habeas corpus". Walters v. Scott, 21 F.3d 683, 686 (5th Cir. 1994). The State failed to show the main reason of Rule 9 (a), that it has been prejudiced in . . .

(4)

responding to the allegation in this Petition. The State argues that it would affect its ability to retry the case, it does not complain about being able to respond to the Ineffective Assistance of Counsel Claim in this habeas corpus. The record of Counsel's Error is preserved, the Court of Criminal Appeals findings concerning "The Harm" in the reading back incorrect testimony is there for consideration, and the decision to deny Applicant releif because Counsel failed to object is also present, thus the State cannot and has not over-come the requirements to deny releif based upon the "Law of Laches." This Application in all things should be granted and Applicant afforded a new trial.

Wherefore Applicant prays for this Court of Criminal Appeals to grant him the releif sought on his Ineffective Assistance of Counsel Claim.

Respectfully Submitted,

_____
Roosevelt Hollins #435032

## NOTARY

I, the Applicant do declare that the above is true and signed by me on this _____ day of _____, 2015.

_____
Roosevelt Hollins #435032
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77343