**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00229-CR**
_____

**EX PARTE JOHNNIE LEWIS O'NEAL, Appellant**

**On Appeal from the County Court at Law No. 5**
**Montgomery County, Texas**
**Trial Cause No. 15-28797**

**MEMORANDUM OPINION**

Appellant Johnnie Lewis O'Neal (Appellant or O'Neal) appeals the denial of his post-conviction application for a writ of habeas corpus, wherein he alleged he was denied the effective assistance of counsel and requested that he be allowed to file an out-of-time appeal. We affirm.

FACTUAL BACKGROUND

O'Neal filed a post-conviction application for a writ of habeas corpus pursuant to Article 11.09 of the Texas Code of Criminal Procedure, requesting leave to file an out-of-time appeal concerning his conviction for driving while

1

intoxicated.[1] Tex. Code Crim. Proc. Ann. art. 11.09 (West 2011) In his application, he argued that he was denied effective assistance of counsel in that his appointed trial counsel never filed a notice of appeal, she never filed a motion to withdraw, she never notified the court she would not pursue the case on appeal, and the record does not reflect that O'Neal voluntarily, knowingly, and intelligently waived his right to appeal his conviction. His application stated that the trial court denied his motion to suppress that contested his warrantless arrest and that "[t]he Court's Certification of Defendant's Right of Appeal recites that the case 'is not a plea-bargain case, and the defendant has the right of appeal.'"

O'Neal obtained different counsel to represent him as to his application for habeas relief. The trial court held a hearing in which an exchange between O'Neal's habeas attorney and the Court occurred as follows:

> [O'Neal's habeas attorney]: . . . We want the court to take judicial notice of its file that there was no notice of appeal filed on behalf of Mr. O'Neal. [O'Neal's trial attorney] did not file a motion to withdraw as his counsel. And there is nothing in the record to indicate that Mr. O'Neal was informed of his right to appeal. And we want the court to take judicial notice that there is nothing in the record to indicate that Mr. O'Neal knowingly, intelligently, and voluntarily waived his right to appeal.

---

[1] O'Neal's appellate brief states he filed his application on March 17, 2015. The clerk's record in this case, however, reflects that the application was received and e-filed on March 27, 2015.

THE COURT: Within your pleading it does -- are you stating that the trial court certification is in the stack of documents?

[O'Neal's habeas attorney]: Yes, it is Your Honor.

THE COURT: And it did inform him that it was a case with the right of appeal?

[O'Neal's habeas attorney]: Right.

THE COURT: And he signed it, correct?

[O'Neal's habeas attorney]: Yes, Your Honor.

THE COURT: Okay.

O'Neal's trial attorney testified at the hearing, and the prosecutor questioned her as follows:

[Prosecutor]: So did you discuss with defendant his opportunity to go on appeal?

[O'Neal's trial attorney]: Yes, I did.

[Prosecutor]: And the timelines associated with that, as far as filing a notice of appeal?

[O'Neal's trial attorney]: The timeline?

[Prosecutor]: As far as the deadline for filing a notice of appeal following the date of his judgment?

[O'Neal's trial attorney]: You want me to give you the timeline?

[Prosecutor]: No. No. Did you inform him about those timelines?

[O'Neal's trial attorney]: Yes.

3

[Prosecutor]: Did he indicate to you that he understood that he had a right to appeal?

[O'Neal's trial attorney]: Yes.

[Prosecutor]: And did he indicate to you that he wanted to pursue an appeal?

[O'Neal's trial attorney]: No.

[Prosecutor]: So he said he did not want to pursue an appeal?

[O'Neal's trial attorney]: Yes.

[Prosecutor]: Okay. So from your understanding there was no need to appoint appellate counsel because he did not wish to proceed with an appeal?

[O'Neal's trial attorney]: Correct. That is my understanding.

[Prosecutor]: Did his decision appear to be voluntary and knowing?

[O'Neal's trial attorney]: Yes.

No other witnesses testified at the hearing. After the hearing, the trial court denied the application. Findings of fact and conclusions of law were not requested or filed. O'Neal appeals.

ISSUE ON APPEAL

In a single issue, O'Neal argues that he should be permitted to file an out-of-time appeal because he was deprived of the effective assistance of counsel because his trial counsel did not file a notice of appeal on his behalf. More specifically, he

4

complains that his trial counsel filed no motion to withdraw, gave no notice to the trial court that she would not pursue the case on appeal, and the record does not reflect that O'Neal voluntarily, knowingly, and intelligently waived his right to appeal his conviction.

In response, the State argues that the trial court did not have jurisdiction over O'Neal's application for a writ of habeas corpus because the application failed to state that he was then confined or subject to collateral legal consequences of his conviction, and that such a statement is required by Article 11.09 of the Texas Code of Criminal Procedure. The State also argues that O'Neal's trial counsel had no duty to file an appeal where the evidence shows his trial counsel informed O'Neal of his right of appeal and "it is clear that the appellant made an informed decision to waive his right to appeal."

### STANDARD OF REVIEW

"We generally review a trial court's decision to grant or deny relief on a writ of habeas corpus under an abuse of discretion standard . . . ." *Ex parte Cummins,* 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.). The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). In reviewing the trial court's decision, we review

5

the facts in the light most favorable to the trial judge's ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). We "'afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.'" *Peterson*, 117 S.W.3d at 819 (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *see also Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

"We afford the same amount of deference to the trial judge's rulings on 'application of law to fact questions' if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. If the resolution of those ultimate questions turns on an application of legal standards, we review the determination de novo." *Ex parte Urquhart*, 170 S.W.3d 280, 283 (Tex. App.—Dallas 2005, no pet.) (citations omitted) (citing *Peterson*, 117 S.W.3d at 819). When, as here, a trial court does not make explicit findings of fact and conclusions of law and neither party has requested them, we imply the findings necessary to support the trial court's ruling if such findings are supported by the record. *See State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006).

6

In a habeas proceeding, the applicant has the burden of proving that an error contributed to his or her conviction or punishment. *See Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001); *Cummins*, 169 S.W.3d at 757. An applicant for habeas corpus must prove his allegations by a preponderance of the evidence. *Ex parte Galvan*, 770 S.W.2d 822, 823 (Tex. Crim. App. 1989).

"CONFINEMENT" REQUIREMENT

A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction; or (2) is no longer confined, but is subject to collateral legal consequences resulting from the conviction. *See* Tex. Const. art. V, § 16; Tex. Code Crim. Proc. Ann. art. 11.09; *Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003) (holding that county courts and their judges have "the power to issue the writ of habeas corpus when a person is restrained by an accusation or conviction of misdemeanor").

"Confined," for habeas corpus purposes, means not only "the actual, corporeal and forcible detention of a person," but also "any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits." Tex. Code Crim. Proc. Ann. art. 11.21 (West 2011). "Restrained," for habeas corpus purposes,

7

means "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." *Id.* art. 11.22 (West 2011). The Court of Criminal Appeals has stated in the context of an application for Article 11.07 habeas relief that to raise a cognizable claim, a party seeking habeas relief must assert in his application that he is subject to confinement, restraint, or collateral legal consequences. *See Ex parte Harrington*, 310 S.W.3d 452, 458 n.16 (Tex. Crim. App. 2010) (applying Tex. Code Crim. Proc. Ann. art. 11.07). In *Ex parte Harrington*, the Court concluded that post-conviction habeas relief was available under Article 11.07 even though the applicant had been discharged from his sentence because he established at the hearing that he continued to suffer collateral consequences arising from his conviction. *Id.* at 454. In that case, the Court concluded that the record supported the trial court's findings that the applicant had current and future consequences from his felony DWI conviction that included the loss of his job and other employment. *Id.* at 457-58.

In the case at bar, O'Neal seeks habeas relief under Article 11.09. Under Article 11.09, the express language of the statute provides that:

> Art. 11.09. Applicant Charged with Misdemeanor. If a person is *confined* on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the

8

county judge whose residence is nearest to the courthouse of the county in which the applicant *is held in custody*.

Tex. Code Crim. Proc. Ann. art. 11.09 (emphasis added). Article 11.14 of the Texas Code of Criminal Procedure expressly provides that the petition must include the following:

> Art. 11.14. Requisites of Petition. The petition must state substantially:
> 1. That the person for whose benefit the application is made is illegally restrained in his liberty, and by whom, naming both parties, if their names are known, or if unknown, designating and describing them;
> 2. When the party is confined or restrained by virtue of any writ, order or process, or under color of either, a copy shall be annexed to the petition, or it shall be stated that a copy cannot be obtained;
> 3. When the confinement or restraint is not by virtue of any writ, order or process, the petition may state only that the party is illegally confined or restrained in his liberty;
> 4. There must be a prayer in the petition for the writ of habeas corpus; and
> 5. Oath must be made that the allegations of the petition are true, according to the belief of the petitioner.

*Id.* art. 11.14 (West 2011).

The applicant must also establish that the confinement or restraint is a result of the conviction he seeks to attack in his habeas application. *See Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (habeas applicant must establish that the collateral legal consequences resulted from her Texas misdemeanor convictions); *State v. Collazzo*, 264 S.W.3d 121,

9

125-26 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (defendant may attack a misdemeanor conviction provided he is confined, restrained, or subject to collateral legal consequences resulting from the conviction he attacks); *cf. Ex parte Eureste*, 725 S.W.2d 214, 216 (Tex. Crim. App. 1986) (dismissing habeas proceedings where the court's jurisdiction was not properly invoked because applicant was not restrained under the contempt order that he attacked in his habeas application).

The State argues that O'Neal's application was defective and that he failed to invoke the trial court's jurisdiction because he failed to assert that he was then subject to confinement, restraint, or collateral legal consequences. According to the State's brief, "the appellant was sentenced to 120 days in county jail and was discharged from his sentence prior to filing his application seeking habeas relief[,]" although the State does not provide record citations to support this assertion.[2] *See*

---

[2] The State asserts in its brief on appeal that at the time the application was filed, O'Neal remained in custody of the Texas Department of Criminal Justice–Institutional Division, but he was "serving a sentence for a separate felony charge." In his reply brief, O'Neal characterizes this statement in the State's brief as a judicial admission "that the Appellant remains confined . . . based upon a Motion to Adjudicate based in part on the misdemeanor conviction that is the subject of the habeas corpus proceeding." O'Neal also offers a copy of a Motion to Adjudicate and an Order of Arrest as an appendix to his reply brief. The Motion to Adjudicate and the Order of Arrest were not included in the official record on appeal, and nothing on the face of these documents links them specifically to the misdemeanor conviction O'Neal seeks to appeal. The statement in the State's brief and the documents O'Neal references in his reply brief fail to establish that O'Neal is

10

Tex. R. App. P. 38.1(i) (requiring an appellate brief to include citations to authority and to the record).

An applicant for habeas relief bears the burden of proof as to his application. *See Galvan*, 770 S.W.2d at 823; *see also Ex Parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995) (an applicant for a writ of habeas corpus bears the burden to prove factual allegations by a preponderance of the evidence). In this case, O'Neal did not include factual allegations within his application regarding his confinement or restraint, and he did not provide evidence at the habeas hearing to establish that he was then confined or restrained or subject to any collateral legal consequences as a result of the misdemeanor conviction. Because O'Neal did not identify how he was "confined" or "restrained" within the meaning of Article 11.09, the trial court could have concluded that O'Neal failed to state a cognizable claim and therefore it was not an abuse of discretion for the trial court to deny O'Neal's petition for habeas relief. Nevertheless, we also consider O'Neal's claim of ineffective assistance of counsel.

## CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process

confined or restrained *as a result of the misdemeanor* conviction that is the subject of the habeas proceeding.

that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance claim, O'Neal must establish that (1) trial counsel's representation fell below the objective standard of reasonableness, based on prevailing professional norms, and (2) there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See id.* at 687-88; *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010); *Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (holding *Strickland* standard applies to ineffective assistance claims under the Texas Constitution.). An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *See Perez*, 310 S.W.3d at 893; *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

When determining the validity of a defendant's claim of ineffective assistance of counsel, our judicial review must be "highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813 (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that counsel was motivated by sound trial strategy.

12

*Strickland*, 466 U.S. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); *Chambers v. State*, 903 S.W.2d 21, 32-33 (Tex. Crim. App. 1995); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Therefore, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *Tong*, 25 S.W.3d at 712. To overcome the presumption of reasonable professional assistance, "'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)); *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The appropriate context is the totality of the representation; counsel is not to be judged on isolated portions of his representation. *See Thompson*, 9 S.W.3d at 813; *Solis v. State*, 792 S.W.2d 95, 98 (Tex. Crim. App. 1990).

Trial counsel has the responsibility to consult with and advise the client concerning the meaning and effect of the judgment rendered by the court, the right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing counsel's professional

judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). Trial counsel's responsibilities consist of a two-step process. *See Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). First, the attorney must ascertain whether the defendant wishes to appeal. *Id.* The decision to appeal lies solely with the defendant; and, the attorney's duty is to advise him as to the matters described above. *Id.*; *see also Ex parte Axel*, 757 S.W.2d at 374 ("The decision to appeal belongs to the client."). If the defendant does not wish to appeal, trial counsel's representation ends. *See Jones*, 98 S.W.3d at 703.

In this matter, the trial court informed O'Neal of his right to appeal, and the trial court's certification, which O'Neal admits that he signed, informed O'Neal that he had the right of appeal. Furthermore, O'Neal's trial attorney testified at the habeas proceeding that she informed him of his right to appeal and of the deadline for filing a notice of appeal, that he indicated to her that he did not want to pursue an appeal, and that she believed O'Neal's decision was voluntary and knowing.[3]

---

[3] The prosecutor at the habeas hearing explained to the court that O'Neal's trial counsel, who had been subpoenaed to testify "ha[d] some reservations about attorney-client privilege[]" and that she requested the court order her to be released from that privilege for the purposes of the habeas hearing. The trial court ordered O'Neal's trial counsel to respond to the questions asked. In a Post-Hearing Memorandum of Law, O'Neal complained that "[attorney-client] privilege belongs to the client, not to the attorney, and any information that is to the client's

O'Neal provided no evidence or testimony to controvert his attorney's testimony. O'Neal makes no claim on appeal that he actually advised his trial attorney that he wished to appeal the misdemeanor conviction. "The logical prerequisite to an attorney pursuing an appeal is that his client desires to appeal." *Galvan*, 770 S.W.2d at 823. After O'Neal's trial counsel informed him regarding his right to appeal and O'Neal decided not to appeal, trial counsel's representation ended. *See Jones*, 98 S.W.3d at 703; *Ex parte Axel*, 757 S.W.2d at 374.

After carefully examining the entire record now before us, we conclude that O'Neal failed to meet his burden of proof to establish that trial counsel's representation fell below the objective standard of reasonableness, based on prevailing professional norms. *See Thompson*, 9 S.W.3d at 814. Where an appellant fails to satisfy one prong of the *Strickland* test, a court need not consider the other prong. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citing *Strickland*, 466 U.S. at 697). We overrule O'Neal's issue on appeal. Viewing the record in a light most favorable to the trial court's ruling, we affirm

---

disadvantage is not to be disclosed unless the client consents." Nevertheless, O'Neal does not raise the issue of attorney-client privilege on appeal, and we note that the Court of Criminal Appeals has explained that "when counsel faces an ineffective-assistance claim, the attorney-client privilege is waived, and trial counsel has the opportunity to explain his actions." *State v. Thomas*, 428 S.W.3d 99, 106 (Tex. Crim. App. 2014).

the trial court's denial of O'Neal's application for habeas relief. *See Ex parte Peterson*, 117 S.W.3d at 819; *Ex parte Cummins,* 169 S.W.3d at 755.

AFFIRMED.

_____

LEANNE JOHNSON
Justice


Submitted on August 26, 2015
Opinion Delivered September 23, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.