

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,785-01

**EX PARTE DONALD KENNETH MITCHELL, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. FR 77434-A IN THE 264TH DISTRICT COURT FROM BELL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of a child and sentenced to 14 years' imprisonment.

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. The trial court ordered defense counsel to provide an affidavit. Counsel filed a responsive document styled as an affidavit, but counsel's affidavit that is currently before this Court in the habeas record appears to be an incomplete draft. Some of the text of this affidavit merely copies parts of the plea papers, without elaboration, and some pages contain

blocks of blank lines. Significantly, this document does not contain some of the information that the trial court includes in its findings of fact with citations to the affidavit. *See, e.g.,* Findings and Conclusions pages 4 through 6, paragraphs 20-22 (relating counsel's account of discussing plea offer and defenses); 24 (conveying counsel's statement that he advised Applicant that his assertion concerning the victim would not help his case); 34-35, 38 (describing counsel's holding-cell discussion with Applicant concerning his right to appeal and the need to obtain appellate counsel because trial counsel did not have an appellate practice). Additionally, this document is not notarized.

Counsel states in this document that he "fully advised Applicant of his legal rights to appeal, including time requirements," but Applicant did not ask counsel to file an appeal "or preserve any rights to appeal." The record of the sentencing hearing shows that the trial court advised Applicant of his right to appeal and of the need to do so within 30 days. Additionally, Applicant does not state that he told counsel he wanted to appeal, asked counsel to help him with his appeal, or was unable to contact counsel for assistance after he decided to appeal. *See, e.g., Ex parte Galvan,* 770 S.W.2d 822, 824 (Tex. Crim. App. 1989) (stating that, when the record reflected that a defendant knew of his right to appeal but did not advise anyone he wanted to appeal, his attorney's failure to file a notice of appeal was not ineffective assistance of counsel).

However, the habeas court finds that counsel did not affirmatively withdraw from the case and so he remained Applicant's counsel on appeal. *See Ward v. State,* 740 S.W.2d 794, 798 (Tex. Crim. App. 1987). Trial counsel represented Applicant during the critical stage for filing a motion for new trial or notice of appeal. Accordingly, counsel had a continuing obligation to fully advise and assist Applicant in protecting his appellate rights.

The court finds that Applicant did not initially inform counsel that he wanted to appeal, but Applicant changed his mind while counsel still represented him. Counsel was unaware that Applicant wanted to appeal because he had no contact with Applicant after they met in the holding cell immediately after sentencing. The court concludes that the lack of a timely motion for new trial or notice of appeal is evidence that Applicant was denied the practical assistance of counsel in protecting and preserving his appellate rights, and, therefore, Applicant should be granted an out-of-time appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

It appears that defense counsel's incomplete affidavit in the habeas record is not the affidavit that the trial court relied upon in making its findings and conclusions. Therefore, we remand this application to give the trial court and district clerk an opportunity to supplement the record with trial counsel's affidavit that was before the trial court when it entered its findings and conclusions. The affidavit shall be notarized. If appropriate, the trial court shall order counsel to submit an additional response to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. The trial court

shall make any supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 24, 2019
Do not publish